```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NOEL K. BANGO, | No. 22-cv-2579 (NLH) (EAP) |
| Plaintiff, | |
| v. | OPINION |
| MARY CORTESE, et al., | |
| Defendants. | |

APPEARANCE:

Noel K. Bango
W01531
Okeechobee Correctional Institution
3420 N.E. 168th St.
Okeechobee, FL 34972-4824

   *Plaintiff Pro se*

HILLMAN, District Judge

   Plaintiff Noel K. Bango, a prisoner presently confined in Okeechobee, Florida, submits this complaint under 42 U.S.C. § 1983.  ECF No. 1.  At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will sever portions of the complaint and transfer them to the Southern

1

District of Florida.  The Court will dismiss the other claims and deny leave to amend.

I. BACKGROUND

Plaintiff, an African American male, is a registered sex offender.  ECF No. 1-3 at 4.  On or about February 16, 2019, Deptford Police Officer Massing took two DNA swabs from Plaintiff during the registration process.  Id.  "Plaintiff was under the assumption that the cotton swabs [were] a new addition to the registration process.  Massing did not display a warrant, nor informed [sic] Bango that he had a warrant to take his DNA swabs inside of Deptford Police District, on 2-16-19."  Id.  "On or about October 18, 2019, Massing telephoned Plaintiff and requested of Bango to come into the Police district to update records that were lost."  Id. at 4-5.

Upon Plaintiff's arrival, Defendant Massing showed Plaintiff a photograph of a young woman and asked Plaintiff if he remembered her.  Id. at 5.  Plaintiff denied knowing the woman, and Defendant Massing informed Plaintiff that he was under arrest for a "1993[1] sexual battery offense" and "reminded Plaintiff of the swabs that he took from Bango earlier in the year."  Id.  Plaintiff was extradited to Florida on about October 29, 2019 "in shackles and chains, as well as had to

---

[1] Plaintiff states elsewhere in the complaint that the sexual assault occurred in 1992.

2

urinate with his hands shackled." Id.  He arrived in West Palm Beach, Florida on November 9, 2019.  Id.

Plaintiff met with his public defender in late November 2019 and reviewed an "updated" police report because "'the 1992 Police Report, is lost.'"  Id.  Plaintiff "duly noted three elements that didn't add up."  Id.  "Firstly, the alleged victim indicated in the updated 2019 Police Report, that there was nothing Percular [sic] regarding the Perpetrator's language."  Id.  "Secondly, the report indicated that Florida received Bango's DNA buccal swabs, via FedEx, on 10-22-2018 and the alleged Victim was flat on her stomach, when she was sexually assaulted in 1992."  Id. at 5-6.  Plaintiff filed a motion to dismiss the charges in late December 2019.  Id. at 6.

In February 2020, Plaintiff requested to represent himself in trial, and the criminal court granted the request.  Id. Plaintiff received discovery allegedly showing that Defendant Massing falsely stated in his warrant application that he took the DNA swabs from Plaintiff on October 15, 2018.  Id. Defendant Timothy Parks "fabricated at least two to three of New Jersey documents, where he allegedly witnessed that Massing took Bango's DNA buccal Swabs on 10-15-2018."  Id. at 8.

Plaintiff states the discovery also contained a document from Defendant Mary Cortese informing Defendant Tara Sessa "of an investigative lead, that Bango is a possible suspect of the

3

1992 sexual battery, and directed Sessa to obtain a known biological sample, from Bango, where he lives in New Jersey, and have it [analyzed] as the final step towards confirmation." Id. at 6-7. Plaintiff further alleges the discovery contained a report wherein Defendant Hansen coerced the victim "to alter her 1992 age description of the Perpetrator from 20's to 30's to Plaintiff's age in 1992. Bango was 32." Id. at 7. "Further, Hansen attempted to coerce [victim] to declare that her Perpetrator is from the Islands/Jamaica." Id. The victim allegedly denied this and responded that the perpetrator "'was a regular black American.'" Id.

Plaintiff continued to challenge his criminal proceedings in the Florida state courts and retained counsel to represent him. Id. at 9. He states that Defendant Massing emailed a Florida assistant state attorney on June 8 2020 and repeated his claim that he collected Plaintiff's DNA on October 15, 2018 at Plaintiff's house. Id. On February 9, 2021, Defendant Parks testified in a deposition that he witnessed Defendant Massing take Plaintiff's DNA on October 15, 2018 at Plaintiff's house. Id. Defendant Massing testified about the swab on April 13, 2021. Id. at 9. On March 31, 2022, a jury found Plaintiff guilty of sexual battery with a deadly weapon. Id. at 4.

In addition to the challenges to his criminal charges, Plaintiff alleges he was assaulted in the West Palm Beach

4

Detention Center on September 19, 2020 and November 13, 2020. Id. at 9.  He also alleges he was not allowed to go to his sister's viewing and funeral service on December 5, 2019, or his mother's funeral in 2021.  Id. at 10.

II.  STANDARD OF REVIEW

Section 1915A requires a court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b).  This action is subject to sua sponte screening for dismissal under § 1915A because Plaintiff is a prisoner seeking redress from a government employee.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A]

5

pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

A.  Florida Claims and Defendants

First, the Court must sever certain claims and defendants. Plaintiff names as defendants Tara Sessa, the Palm Beach County Courts Administrator; the FDLE Criminal Investigation and Forensic Science; Mary Cortese, a FDLE state administrator; Fatima Bachemin, a Florida Assistant State Attorney; the Palm Beach Sheriff's Office; and Brian Hansen, a Palm Beach Sheriff's Office detective.  He alleges they participated in a conspiracy to falsely accuse him of sexual assault and violated his Equal Protection rights.  He also alleges they inflicted cruel and unusual punishment in failing to protect him from the assaults in the West Palm Beach Detention Center and by denying him leave to attend funerals for his sister and mother.

The Court lacks jurisdiction over these defendants and claims.  Accordingly, the Court will sever these defendants and claims from the complaint and transfer them to the Southern District of Florida for consideration.  28 U.S.C. § 1631.

6

B.  New Jersey Claims and Defendants

The Court will also dismiss the claims against Defendant Massing, Defendant Parks, and the Deptford Police Department. This is Plaintiff's second complaint against Defendants for the allegedly warrantless DNA swab and allegedly fabricated evidence. See Bango v. Massing, No. 20-cv-1874 (D.N.J. filed Feb. 21, 2020). There, the Court dismissed Plaintiff's racial discrimination and fabrication of evidence claims but allowed the warrantless search claim to proceed against Defendant Massing. Bango v. Massing, No. 20-CV-1874, 2020 WL 6617348, at *2 (D.N.J. Nov. 10, 2020). Plaintiff voluntarily dismissed that action on November 10, 2021, six months before filing the current complaint.[2]

The Supreme Court has recognized that where dismissal is without prejudice under Rule 41(a), it is not an adjudication on the merits. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001) (citing 18 Wright & Miller, § 4435, at 329, n. 4) ("Both parts of Rule 41 ... use the phrase 'without prejudice' as a contrast to adjudication on the merits"). Accordingly, a first-time Rule 41(a)(1)(A)(i) dismissal, without prejudice, does not bar a subsequent, related action on res

---

[2] Fed. R. Civ. P. 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing [ ] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

7

judicata ground. See id. ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim."). However, "a dismissal without prejudice does not toll a statute of limitations." Brennan v. Kulick, 407 F.3d 603, 607 (3d Cir. 2005) (citing Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983)).

"Although the statute of limitations is an affirmative defense, a court may dismiss claims sua sponte if a time-bar is obvious from the face of the complaint and no further development of the record is necessary." Demby v. Cty. of Camden, No. 21-1433, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), cert. denied sub nom. Demby v. Cty. of Camden, NJ, No. 21-6741, 2022 WL 516244 (U.S. Feb. 22, 2022). New Jersey's two-year limitations period for personal injury governs Plaintiff's complaint, Wilson v. Garcia, 471 U.S. 261, 276 (1985); Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010), but the accrual date of a § 1983 action is determined by federal law, Wallace v. Kato, 549 U.S. 384, 388 (2007); Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" Kach v. Hose, 589 F.3d 626, 634 (3d Cir.

8

2009) (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)).

Plaintiff alleges the warrantless blood draw occurred on or about February 16, 2019.  "Taking a DNA sample is a search under the Fourth Amendment." United States v. Martinez, 982 F. Supp. 2d 421, 430 (E.D. Pa. 2013).  A claim for an unlawful search accrues at the time of the search.  "[A] a claim accrues when the last act needed to complete the tort occurs.  For a search, that is the moment of the search." Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018) (internal citation omitted).  The time to challenge the search expired February 16, 2021, meaning Plaintiff filed this complaint a year too late.  Plaintiff's previous complaint does not save the claim because "a complaint that is subsequently dismissed without prejudice is treated for statute of limitations purposes as if it never existed." Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005).  Plaintiff chose to withdraw his prior complaint after the statute of limitations for the warrantless search expired, and "the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint." Id. (citing Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002)).  This claim is too late.

Conversely, Plaintiff's fabrication of evidence and malicious prosecution claims are too early. A plaintiff may not recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless that conviction has been reversed or otherwise called into question. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

Plaintiff alleges Defendants Massing, Parks, and Deptford Police Department fabricated evidence against him in violation of his due process rights. To sufficiently plead this claim, Plaintiff must set forth enough facts for the Court to plausibly infer that "there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." Halsey v. Pfeiffer, 750 F.3d 273, 294 (3d Cir. 2014). "[F]abrication claims must draw a meaningful connection between [plaintiffs'] conviction and the use of fabricated evidence against them." Id. at 294 n.19. If Plaintiff succeeded on this claim, it would call his conviction's validity

10

into question. Therefore, this claim is currently barred by Heck.

Plaintiff has also failed to state a malicious prosecution claim. "Favorable termination is (and always has been) a necessary element of a malicious prosecution claim." Garrett v. Murphy, 17 F.4th 419, 428 (3d Cir. 2021). "[A] prisoner lacks a 'cause of action' under § 1983 if the prisoner is challenging an 'allegedly unconstitutional conviction or imprisonment' before having the conviction or sentence overturned." Id. at 425 (quoting Heck, 512 U.S. at 486-87). "Without favorable termination, a plaintiff lacks a claim, and the complaint must be dismissed as premature for failure to state a claim." Id. at 428. Plaintiff does not allege that his conviction has been overturned; therefore, he has failed to state a malicious prosecution claim.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will deny leave to amend as futile. Plaintiff's illegal search claims are barred by the statute of limitations. His fabrication of evidence claims are presently Heck-barred, and any malicious prosecution claims have not yet accrued and may not accrue for some time. The statute of limitations for

11

malicious prosecution claims do not begin to run until there has been a favorable termination of criminal proceedings, so denying leave to amend will not prejudice Plaintiff's ability to bring his claims if and when he can satisfy the favorable termination element.  See Heck, 512 U.S. 477, 489 (1994) ("[T]he statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen.").

IV. CONCLUSION

For the reasons stated above, the Court will sever the claims against the Florida Defendants and transfer them to the United States District Court for the Southern District of Florida for consideration.  The warrantless search claim will be dismissed with prejudice, and the fabrication of evidence and malicious prosecution claims will be dismissed without prejudice.  Leave to amend will be denied.

An appropriate order follows.


Dated: January 26, 2023                s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.